IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PDQ SERVICES, INC.,

    Plaintiff,

v.

ANDRE ALLEN and TONYA ALLEN,

    Defendants.

CIVIL ACTION NO.
1:12-CV-02362-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendants Andre and Tonya Allen's (the "Allen Defendants") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. The Affidavit of Poverty indicates that the Allen Defendants are unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the Allen Defendants' Application to Proceed Without Prepaying Fees or Costs is **GRANTED**. Docket Entry [1]. Therefore, this action shall proceed as any other civil action, and the Allen Defendants shall be allowed to proceed without prepayment of a filing fee. However, for the reasons outlined below, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County, State of Georgia.

AO 72A
(Rev.8/82)

## BACKGROUND FACTS

The Allen Defendants are attempting to remove a dispossessory action from the Magistrate Court of DeKalb County, State of Georgia to this Court. (Notice of Removal, Docket Entry [1-1]). The Allen Defendants do not assert a basis for removal. Instead, Defendants allege the state court proceedings are occurring "in violation of the Uniform Commercial Code of 15 U.S.C.A. § 1692 with unlawful eviction proceedings of section 28 U.S.C.A. § 1446(D)." (Id.)

## LEGAL ANALYSIS

It is this Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to

demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, Plaintiff PDQ Services, Inc. ("PDQ") relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of DeKalb County to evict the Allen Defendants for failure to pay rent. (Docket Entry [1-1], p. 3). No federal question is presented on the face of Plaintiff PDQ's Complaint. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. Even if this Court could consider defenses and counterclaims in its jurisdictional analysis, federal question jurisdiction would still be lacking here as the allegations in the Allen Defendants'

3

Notice of Removal do not appear to present a viable federal question.

Additionally, even if the parties were diverse, removal would not be proper because Plaintiff PDQ's Complaint does not satisfy the amount in controversy requirement. Plaintiff seeks past due rent of $849.00, a late fee of $75.00, a warrant fee of $107.50, a fee of $39.00 for cable and the cost of the action, rent accruing up to the date of judgment or vacancy at the rate of $28.30 per day, and possession of the premises. (Docket Entry [1-1], p. 3). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). The remaining rent and fees of $1,070.50, plus rent accruing at a rate of $28.30 per day, falls well below the $75,000.00 amount in controversy requirement. For these reasons, this Court finds that federal subject matter jurisdiction does not exist. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County, State of Georgia.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 10th day of July, 2012.

AO 72A
(Rev.8/82)

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)